UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H.D., a minor, by his next friend, ANTONIA MASLO, <br><br> Plaintiff(s), <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant(s). | Case No. 4:20-cv-01532-SRC |

**Memorandum and Order**

H.D., a minor, requests judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–85. The Court reverses the Commissioner's decision and remands the case for further proceedings.

**I.      Procedural history**

In January 2018, H.D. filed a Title XVI application for supplemental security income. Tr. 10, 244–49. The Social Security Administration eventually denied his application, but H.D. asked for a hearing before an Administrative Law Judge ("ALJ") at which his mother and next friend, Antonia Maslo, testified. Tr. 177–81, 182, 127–63. After the hearing, the ALJ denied H.D.'s application, Tr. 10–25, and the Appeals Council denied H.D.'s request for review, Tr. 1. As such, the ALJ's opinion stands as the final decision of the Commissioner.

**II.     Decision of the ALJ**

The ALJ found that H.D. was a pre-schooler on January 8, 2018, the application date, and that he is currently a school-age child. Tr. 13 (citing 20 C.F.R. § 416.926(g)(2)). The ALJ next

determined that H.D. had not engaged in substantial gainful activity since the application date. Tr. 13.  The ALJ found that H.D. has severe impairments of attention-deficit hyperactivity disorder and high functioning autism and further found that H.D. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 13–14.  The ALJ also found that H.D. does not have an impairment or combination of impairments that functionally equals the severity of the listings and thus concluded that H.D. has not been disabled, as defined in the Social Security Act, since the application date.  Tr. 14–24.

### III.     Legal standard

Under the Social Security Act, an individual under the age of 18 is disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C).

The Commissioner follows a three-step sequential process when evaluating whether the claimant has a disability.  20 C.F.R. § 416.924.  First, the Commissioner considers the claimant's work activity.  If the claimant is engaged in substantial gainful activity, the claimant is not disabled.  20 C.F.R. § 416.924(a), (b); *see* 42 U.S.C. § 1382c(a)(3)(C)(ii).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has "an impairment or combination of impairments that is severe."  20 C.F.R. § 416.924(a), (c).  An impairment is not severe if it amounts only to "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations."  20 C.F.R. § 416.924(c).  Third, if the claimant has a severe impairment,

2

the Commissioner considers the degree of the impairment's medical severity. If the combined effect of all medically determinable impairments, even those that are not severe, meets or equals the severity of a listing, the claimant is considered disabled, so long as those impairments have lasted or are expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.924(d).

The Court must affirm the Commissioner's decision so long as "the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The Court will not "reverse merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (internal quotation marks and citation omitted).

**IV.     Discussion**

H.D. argues that the Court should reverse the Commissioner's decision because the ALJ failed to appropriately assess the persuasiveness of Dr. Smith and Dr. Bland's findings on which she relied.  Doc. 26 at pp. 6–8.  The Court agrees.

As noted, the ALJ determined that H.D. does not have an impairment or combination of impairments that functionally equals the severity of the listings.  Tr. 14.  To determine whether an impairment or combination of impairments functionally equals the listings, the ALJ assesses the claimant's functioning in six domains:  (1) acquitting and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b).  To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(d).

Here, the ALJ found H.D. had no limitations in moving about and manipulating objects and in health and physical well-being; less than marked limitations in acquiring and using information, in attending and completing tasks, and in caring for himself; and marked limitations in interacting and relating with others.  Tr. 17–24.  However, Dr. Smith and Dr. Bland found "less than marked" limitations as to all six domains.  Tr. 169–72.  The ALJ explicitly relied on Dr. Smith and Dr. Bland's prior administrative medical findings to support her conclusions that H.D. suffers less than marked limitations in acquiring and using information, in attending and completing tasks, and in ability to care for himself.  Tr. 18, 20, 23.

The Commissioner's regulations provide that, for claims filed on or after March 27, 2017, ALJs will not defer to or give any specific evidentiary weight, including controlling weight, to

4

any medical opinion.  *See* 20 C.F.R. § 416.920c(a).  Instead, ALJs must evaluate the persuasiveness of medical opinions and prior administrative medical findings in light of several factors, the most important of which are supportability and consistency with the record.  20 C.F.R. § 416.920c(a)-(c).  ALJs *must* explain how they considered the factors of supportability and consistency in their decisions but need not explain how they considered the other factors.  20 C.F.R. § 416.920c(b); *see Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam).

The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1).  The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1).  The ALJ failed to articulate how she considered either factor.

Because the ALJ failed to follow § 416.920c, she erred in evaluating the persuasiveness of Dr. Smith and Dr. Bland's findings. Regarding their persuasiveness, the ALJ stated that "[p]ursuant to Social Security Ruling 96-6p, the undersigned has considered the prior administrative findings rendered by the State agency psychologist Raphael Smith, Psy.D. and medical consultant Judee Bland, M.D.  (Exhibit 1A).  The undersigned is persuaded by this determination." Tr. 16; *see* Tr. 23.  At other points, the ALJ notes that she "concurs with the State agency opinion." Tr. 18, 20.  But despite that she found herself "persuaded" by the prior administrative findings, the ALJ simply did not address the consistency or supportability factors

5

as required by 20 C.F.R. § 416.920c. And an ALJ's failure to address the consistency or supportability factors in assessing the persuasiveness of a medical opinion or prior administrative medical finding requires reversal. *Bonnett*, 859 F. App'x at 20; *Starman v. Kijakazi*, No. 2:20-cv-00035, 2021 WL 4459729, at *3–5 (E.D. Mo. Sep. 29, 2021); *see also, e.g.*, *Dornbach v. Saul*, No. 4:20-cv-00036, 2021 WL 1123573, at *7 (E.D. Mo. Mar. 24, 2021).

Additionally, the Court cannot conclude that the ALJ's error was harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'" *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). H.D. satisfies this standard. The ALJ explicitly relied on Dr. Smith and Dr. Bland's findings to support her conclusions that H.D. suffers less than marked limitations in acquiring and using information, in attending and completing tasks, and in ability to care for himself. Had the ALJ found marked limitations in any one of those three domains, H.D. would be considered disabled under the law. Moreover, the Commissioner's failure to address H.D.'s argument regarding the ALJ's failure to properly assess Dr. Smith and Dr. Bland's findings in accord with the regulations further buttresses the Court's conclusion that the error was not harmless.

**V.      Conclusion**

The Court reverses the decision of the Commissioner and remands this case for a rehearing consistent with this Memorandum and Order. 42 U.S.C. § 405(g). The Court enters judgment accordingly.

So Ordered this 22nd day of July 2022.

_SL R. Cl_
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

6